85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton B. SUTTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6124.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 Before: NELSON and RYAN, Circuit Judges; and SPIEGEL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The petitioner appeals the denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We affirm the district court's judgment on the basis that petitioner has waived his right to raise sentencing guideline errors.
 
 I.
 
 2
 In 1989, petitioner pled guilty to a two-count indictment charging him with aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and with conspiracy to possess with intent to distribute one ounce of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. He was sentenced as a career offender based upon two previous robberies. As a career offender, petitioner's offense level was determined to be 32, with a criminal history category of VI. This combination resulted in a sentencing range of 210 through 252 months confinement. At sentencing, the parties agreed that petitioner had accepted responsibility for his crimes, but the district court concluded that, because of petitioner's status as a career offender, he was not eligible for a two level base offense reduction for acceptance of responsibility. Sutton was sentenced to 210 months imprisonment, and later moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Although the district court initially denied the motion, a panel of this court vacated that denial and remanded the case for reconsideration of the sentence, pointing out that a clarifying amendment to the sentencing guidelines permits an acceptance of responsibility reduction to be given even to career offenders, if deserving. United States v. Sutton, Nos. 90-6359/5192, 1991 WL 138469 (6th Cir. July 29, 1991). On remand, the district court reduced petitioner's offense level to 30 and modified his sentence to a term of 168 months; 14 years instead of 17.5 years.
 
 
 3
 Petitioner then filed a petition for a further reduction in his sentence, arguing that the district court would have considered a downward departure from the career offender guidelines if it had known at the time that U.S.S.G. § 4A1.3 allows for a downward departure when a defendant's criminal history category significantly overrepresents the seriousness of his criminal history or the likelihood that he will commit another crime. The district court judge acknowledged that, at the time of sentencing, he was unaware that a downward departure was an option under § 4A1.3 in a career offender case, but concluded that there was nothing in the record to suggest that he would have made a downward departure if he had been aware of the option to do so. The court then determined that, because there was no fundamental defect in the sentencing of petitioner that resulted in a major miscarriage of justice, the court had no jurisdiction to vacate, satisfy, or otherwise modify petitioner's sentence.
 
 II.
 
 4
 Petitioner's argument is that the court's ignorance of U.S.S.G. § 4A1.3 means that petitioner was sentenced on the basis of materially inaccurate information and thus was sentenced illegally and in violation of his constitutional right to due process. He claims that a sentence based upon inaccurate information is an unconstitutional sentence reviewable under 28 U.S.C. § 2255. Thus, petitioner attempts to construct a due process violation from an alleged error in the application of the sentencing guidelines.
 
 
 5
 We review denials of 28 U.S.C. § 2255 petitions de novo while "examining the district court's factual findings for clear error." Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 28 U.S.C. § 2255 provides:
 
 6
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 7
 In Grant v. United States, 72 F.3d 503 (6th Cir.1996), we held that § 2255 relief is not ordinarily available for alleged errors in applying the sentencing guidelines. In Grant, the sentencing judge held Grant accountable for cocaine distributed by members of the conspiracy, of which Grant was a member, without separately determining the conduct appropriately attributable to Grant. Grant exhausted her options on direct appeal without raising any sentencing objections and then brought a § 2255 action alleging that her sentence should be vacated because the district court "failed to make an explicit factual finding as to the scope of the criminal activity petitioner had agreed to undertake, thereby violating U.S.S.G. § 1B1.3." Grant, 72 F.3d at 505.
 
 
 8
 In Grant, the appellate court acknowledged that "[t]here has been considerable discussion as to the availability of § 2255 relief based upon procedurally defaulted claims of nonconstitutional error." Id. Procedurally defaulted claims of nonconstitutional error can be raised for the first time on collateral review only where the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 114 S.Ct. 2291, 2300 (1994), quoted in, Grant, 72 F.3d at 505. The court in Grant concluded that the standard
 
 
 9
 appears to be that nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process. One might be forgiven for observing that this is perilously close to saying that procedurally defaulted nonconstitutional errors are waived unless they amount to constitutional errors.
 
 
 10
 Grant, 72 F.3d at 506. The court explicitly noted that due to the policy considerations underlying collateral review,
 
 
 11
 nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver.... [W]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process.
 
 
 12
 Id. (citing Reed v. Farley, 114 S.Ct. at 2300).
 
 
 13
 Thus, defendants must: (1) assert their claims in the ordinary course of trial and direct appeal, or (2) demonstrate under the standard of Strickland v. Washington, 466 U.S. 668 (1984), that their claims were forfeited by virtue of ineffective assistance of counsel, or (3) demonstrate that the error was committed in a context that is "so positively outrageous as to indicate a 'complete miscarriage of justice,' " Grant, 72 F.3d at 505, in which case, the Grant court concluded, "what really is being asserted is a violation of due process." Id.
 
 
 14
 Under the standards established in Grant, petitioner waived his claim of erroneous application of the guidelines when he failed to identify at sentencing or on direct appeal the policy statement of the United States Sentencing Guidelines that he now feels would have caused the district court to depart downward. Petitioner makes no claim that his failure to assert his claim of error was caused by the ineffective assistance of counsel as rigorously defined by Strickland. Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review unless such errors amount to "something akin to a denial of due process." Grant, 72 F.3d at 506. The petitioner presents his claim as if it were a constitutional due process claim, but, in fact his claim is neither a constitutional claim nor a jurisdictional claim of error; it is a claim of error in the application of statutory law. The context of the district court's failure to recognize the downward departure option was not "so positively outrageous as to indicate a complete miscarriage of justice." Grant, 72 F.3d at 506 (internal quotation marks omitted). Even if the court had been properly informed, no downward departure was assured; departure would have been at the discretion of the court and could have been granted only if the court were convinced that criminal history category VI significantly overstated the seriousness of petitioner's criminal history or the likelihood that he would commit more crimes. In fact, however, the sentencing court stated, "I think you fit [the] definition [of career offender] pretty well looking at your record," and the district court concluded that "[t]here is nothing in the record to suggest that the Court would have made a downward departure if it had been aware of its ability to do so." As in Grant, Sutton's "claim falls far short of indicating a denial of due process." Grant, 72 F.3d at 506. The policy statement now cited by petitioner was available to the petitioner at the time of his sentencing; there is "nothing fundamentally unfair about holding petitioner responsible for the waiver." Id.
 
 III.
 
 15
 The district court's judgment denying the petition is hereby AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation