85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon ARMSTRONG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6418.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Vernon Armstrong, a federal prisoner proceeding pro se, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Armstrong was indicted along with six codefendants in a 15-count drug prosecution. He was named in count 1, charging conspiracy to distribute cocaine and cocaine base, and in count 8, charging possession of 3.8 grams of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury found him guilty of both charges and the district court sentenced him on October 22, 1992, to 97 months in prison and eight years of supervised release. Armstrong's conviction was affirmed on direct appeal; he did not challenge his sentence or the sentencing proceeding at that time. See United States v. Parker, Nos. 92-6599, etc., 1994 WL 180295 (6th Cir. May 10, 1994) (per curiam), as amended on petition for reh'g and reh'g en banc (June 3, 1994), cert. denied, 115 S.Ct. 268, 275, and 672 (1994).
 
 
 3
 Armstrong subsequently filed a motion to vacate in which he raised two grounds for relief: (1) the evidence did not establish that the acts of his codefendants were foreseeable to him, and (2) counsel was ineffective for failing to raise the foreseeability issue on appeal. In an order filed on September 26 and entered on September 27, 1995, the district court summarily denied Armstrong's motion. The district court concluded that the issue of insufficient evidence to support the drug quantity attributed to Armstrong for sentencing purposes was not cognizable in a § 2255 proceeding and that Armstrong had failed to show that counsel would have succeeded in having his sentence reduced.
 
 
 4
 On appeal, Armstrong continues to argue the merits of his grounds for relief. He requests oral argument and the appointment of counsel on appeal.
 
 
 5
 Upon review, we deny the requests for counsel and for oral argument and affirm the district court's order. The denial of a § 2255 motion is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall, 21 F.3d at 109. In addition, Armstrong must show cause and prejudice that would excuse the failure to raise his sentencing issue on direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 6
 Armstrong has demonstrated neither cause nor prejudice to excuse his omission. The district court construed Armstrong's first ground for relief as an issue of insufficient evidence and, citing cases involving claims of insufficient evidence to convict, concluded that Armstrong's claim of insufficient evidence to support the amount of drugs attributable to him at sentencing was, likewise, not cognizable in a motion to vacate. Because Armstrong's issue involves a challenge to the quantity of drugs found at sentencing, we construe the issue as a challenge to the calculation of his base offense level under the Sentencing Guidelines. This court has recognized that "nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal." Grant v. United States, 72 F.3d 503, 506 (6th Cir.1996). "[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." Id.
 
 
 7
 As cause for his failure to raise this issue on direct appeal, Armstrong argues that appellate counsel rendered ineffective assistance. (This argument also constitutes Armstrong's second substantive § 2255 issue.) Attorney error rising to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), may constitute cause. That test requires a showing that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. Id. at 687. However, Armstrong cannot show constitutionally deficient performance in this case. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant, Jones v. Barnes, 463 U.S. 745, 751 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). Indeed, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486-87 (1986).
 
 
 8
 Armstrong has also failed to establish prejudice because the sentencing issue he advances is without merit. He is correct in asserting that a defendant may be held accountable for the conduct of others only if that conduct was known or reasonably foreseeable to him and it was committed in furtherance of the jointly undertaken criminal activity that the particular defendant agreed to undertake. See USSG § 1B1.3, comment. (n. 2); United States v. Ferguson, 23 F.3d 135, 142 (6th Cir.), cert. denied, 115 S.Ct. 259 (1994). In fact, two of his codefendants won resentencing on direct appeal because they argued that the district court had not made a finding on their relative conspiratorial conduct and the quantity of drugs for which they should be held personally responsible. Armstrong, as already noted, did not challenge his sentence on this or any other basis. In any event, the district court stated in its order denying the § 2255 motion that it determined the amount for which Armstrong could be held responsible at sentencing. Armstrong's brother, Darren, was the organizer of the conspiracy of which Armstrong was found to be a member. Even now, Armstrong presents no facts to rebut trial testimony that, while his brother was in prison, Armstrong took care of Darren's business and sent reports back to Darren through an intermediary. Parker, 1994 WL 180295, at ** 1, 9. In light of this evidence, the district court could reasonably infer that Armstrong was familiar with the scope of the conspiracy and it is extremely unlikely that an appeal based on this issue would have succeeded in getting Armstrong's sentence reduced.
 
 
 9
 Where an appellant fails to demonstrate cause and prejudice, he may yet obtain collateral review if his case falls within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, as when the petitioner submits new evidence showing that he is actually innocent of the offense. Murray, 477 U.S. at 495-96. Armstrong does not claim to be actually innocent of the offense for which he was convicted; he claims only that he should have received a lesser sentence. Furthermore, we do not believe that the sentence which he received is a result of fundamental injustice.
 
 
 10
 Accordingly, the requests for oral argument and the appointment of counsel are denied. The district court's order, entered on September 27, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.