Diana Lynn GRANT, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 95–1174.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 21, 1995.

Decided Jan. 4, 1996.

Rehearing and Suggestion
for Rehearing En Banc
Denied Feb. 21, 1996.

504

Andrew N. Wise (argued and briefed), Federal Public Defenders Office, Detroit, MI, for Petitioner-Appellant.

Robert Haviland, Asst. U.S. Attorney (argued and briefed), Flint, MI, for Respondent-Appellee.

Before: NORRIS, SUHRHEINRICH, and GIBSON, Circuit Judges.*

ALAN E. NORRIS, Circuit Judge.

Petitioner Diana Lynn Grant appeals the district court's denial of her request for collateral relief based upon an allegedly erroneous application of the United States Sentencing Guidelines. Because we deem her argument to be waived, we affirm the judgment of the district court.

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eight Circuit, sitting by designation.

## I.

In 1989, a federal jury in the Eastern District of Michigan found petitioner guilty of conspiracy to distribute cocaine. A presentence report prepared by the probation department found petitioner accountable for the distribution of at least fifty kilograms of cocaine by the members of the conspiracy. At her sentencing hearing, petitioner did not challenge the report's finding; and the district court accepted the fifty-kilogram figure. In early 1990, the district court sentenced petitioner to incarceration for 121 months, the minimum sentence authorized by the sentencing guidelines.

On direct appeal, petitioner challenged her conviction but asserted no sentencing errors. This court affirmed the conviction in an unpublished opinion. *United States v. Grant,* 936 F.2d 573 (table), No. 90–1159, 1991 WL 110390 (6th Cir.) (per curiam), *cert. denied,* 502 U.S. 897, 112 S.Ct. 270, 116 L.Ed.2d 223 (1991).

The commentary to U.S.S.G. § 1B1.3 in effect at the time of petitioner's sentencing, as well as her direct appeal, provided the following guidance to the district court as to the determination of "relevant conduct" for a member of a conspiracy: "[T]he conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1) (1990). In 1992, amendment 439 to the guidelines substantially revised the wording of § 1B1.3 and its commentary. Specifically, a revised application note states that "[i]n order to determine the defendant's accountability for the conduct of others ..., the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake." U.S.S.G. § 1B1.3, comment. (n. 2) (1992).

In 1993, petitioner brought this action seeking relief under 28 U.S.C. § 2255. She alleges that her sentence should be vacated because the district court failed to make an explicit factual finding as to the scope of the criminal activity petitioner had agreed to undertake, thereby violating U.S.S.G. § 1B1.3. Petitioner argues that, had the district court made the requisite finding, a lesser amount of cocaine would have been attributed to her, resulting in a lower guideline range for sentencing purposes.

The district court denied petitioner the § 2255 relief in February of 1995 because (1) petitioner waived the claimed error by not raising it in either the district court or in her direct appeal; and (2) the district court's use of the fifty kilogram figure was not clearly erroneous, as the trial record plainly supported the attribution of that amount of cocaine to petitioner. In light of this outcome, the district court declined to address the government's argument that § 2255 relief is not available for alleged errors in applying the sentencing guidelines.[1] Petitioner timely appealed to this court.

## II.

There has been considerable discussion as to the availability of § 2255 relief based upon procedurally defaulted claims of nonconstitutional error. In *Reed v. Farley,* —— U.S. ——, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994), the Court's plurality opinion applied the established standard that such arguments can be raised for the first time on collateral review only where the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at ——, 114 S.Ct. at 2300 (citations omitted);[2] *see also United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993). In a separate opinion in *Reed,* Justice Scalia suggested that the class of nonconstitutional errors that can meet this test

---

**1.** We assume, without deciding, that the sentencing guidelines constitute "laws" for purposes of § 2255. *See Scott v. United States,* 997 F.2d 340, 341–42 (7th Cir.1993).

**2.** Although *Reed* involved a motion by a state prisoner under 28 U.S.C. § 2254, the Court not-

ed that, "at least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" —— U.S. at ——, 114 S.Ct. at 2299 (quoting *Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)).

"is no doubt a small one, if it is indeed not a null set." —— U.S. at ——, 114 S.Ct. at 2301 (Scalia, J., concurring).

Justice Scalia's position finds ample support in earlier Supreme Court decisions. In *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the trial court violated the version of Federal Rule of Criminal Procedure 32(a) then in effect by failing to ask the defendant, who was represented by counsel, whether he had anything to say before the imposition of sentence. Noting that the error was "neither jurisdictional nor constitutional," the Court found nothing in the record approaching a "complete miscarriage of justice." 368 U.S. at 428, 82 S.Ct. at 471. Particularly where nonconstitutional issues are at stake, "there is no basis ... for allowing collateral attack 'to do service for an appeal.'" *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (deeming waived a violation of Federal Rule of Criminal Procedure 11) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590–91, 91 L.Ed. 1982 (1947)).

■ The standard, then, appears to be that nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process. One might be forgiven for observing that this is perilously close to saying that procedurally defaulted nonconstitutional errors are waived unless they amount to constitutional errors.

■ A brief consideration of the policy underlying collateral review demonstrates that nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver. Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process. *Reed,* —— U.S. at ——, 114 S.Ct. at 2300.

■ Accordingly, nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal. If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what really is being asserted is a violation of due process. Thus, as a practical matter, collateral relief does exist to vindicate rights of constitutional import that may lurk beneath otherwise garden-variety issues of statutory rights or guideline calculations.

### III.

■ Petitioner's claim falls far short of indicating a denial of due process. She alleges that an amendment to U.S.S.G. § 1B1.3 subsequent to her conviction and direct appeal demonstrates that the district court erred in not making a specific finding of fact as to the amount of the conspiracy's activity that was properly attributable to her. Insofar as amendment 439 is a clarifying amendment, as it purports to be, this argument was available to petitioner at the time of her sentencing; and there is nothing fundamentally unfair about holding petitioner responsible for the waiver.

As there is not even an arguable assertion of constitutional error, the judgment of the district court is **affirmed.**