Steven LANE, Petitioner–Defendant,

v.

**UNITED STATES of America,
Respondent–Plaintiff.**

**Nos. 98–CV–74017–DT,
97–CR–80265–DT.**

United States District Court,
E.D. Michigan.
Southern Division.

June 29, 1999.

Steven Lane, Pro Se, for plaintiff.

Kenneth R. Chadwell, A.U.S.A., Detroit, MI, for defendant.

## OPINION

DUGGAN, District Judge.

On September 24, 1998, petitioner filed a "Writ of Habeas Corpus Motion under 28 § 2241." This "motion" was assigned to the Honorable Nancy G. Edmunds. On November 19, 1998, the government filed a response.

On June 7, 1999, Judge Edmunds issued an Opinion and Order construing petitioner's "Writ of Habeas Corpus Motion," brought pursuant to 28 U.S.C. § 2241, as a motion to vacate sentence under 28 U.S.C. § 2255. Having determined that petitioner's motion should be construed as a motion brought under 28 U.S.C. § 2255, Judge Edmunds properly determined that this case should be reassigned to the Judge who accepted petitioner's guilty plea and sentenced petitioner. Judge Edmunds' Order of June 7, 1999, reassigned the case to this Court.

This Court agrees with Judge Edmunds that petitioner's "Writ of Habeas Corpus Motion" should be construed as a motion to vacate sentence under 28 U.S.C. § 2255.

On November 5, 1997, petitioner pled guilty to the charge of assaulting a United States Postal employee in violation of 18 U.S.C. § 111(a)(1)(b). The Court sentenced petitioner on May 11, 1998 to twenty-seven months imprisonment followed by a three-year term of supervised release. Petitioner has not filed a direct appeal of his conviction or sentence.

In the instant motion, petitioner seeks relief from the conviction and sentence on the basis that his "indictment was returned by a grand jury whose composition violated the Jury Selection and Service Act (JSSA) and also the defendants [sic] Fifth Amendment right to equal protection." (Pet.'s Mot. at 1) (citing *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998)).

In its response, the government does not dispute that the grand jury that indicted petitioner was impaneled pursuant to a selection procedure which the Sixth Circuit in *Ovalle, supra*, determined was in violation of the Jury Selection and Service Act, 28 U.S.C. § 1862, and the Fifth Amendment. *Ovalle*, 136 F.3d at 1109.[1]

However, the government contends that petitioner is not entitled to have his conviction or sentence vacated because petitioner cannot meet the requirements imposed on an individual who seeks relief pursuant to 28 U.S.C. § 2255.

### Standard of Review

28 U.S.C. § 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). However, where the § 2255 motion alleges a non-constitutional error, petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *accord Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800(1996).

### Analysis

Petitioner's motion presents no grounds supporting a conclusion "[t]hat the sentence was imposed in violation of the Constitution of the United States or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." Presumably then, petitioner must persuade this Court that the sentence is "otherwise subject to collateral attack." However, petitioner has not presented any facts that persuade this Court that there was "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings" or that there was a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process."

The Court agrees with the government that petitioner's guilty plea forecloses his ability to raise any constitutional claims arising prior to its entry. Petitioner freely and voluntarily pled guilty to the charge, and in doing so, set forth a factual basis to support his guilt. Petitioner does not deny his guilt or that there was a factual basis for his guilt. Further, petitioner does not contest the voluntary nature of such plea.

To the extent that petitioner claims he was indicted by a grand jury the selection of which was found to be unconstitutional, petitioner's entry of a guilty plea forecloses his ability to raise any constitu-

---

1. In *Ovalle*, the Sixth Circuit concluded that this Court's Jury Selection Plan, under which non-African Americans were randomly removed so as to balance the jury pool, violated the Jury Service Act, 28 U.S.C. § 1861 *et. seq.*, and the equal protection component of the Fifth Amendment's Due Process Clause.

tional deprivations occurring prior to its entry. In *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Supreme Court held:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 266, 93 S.Ct. 1602. Petitioner's claim pertaining to the unconstitutional nature of the grand jury selection procedure falls squarely within the purview of the *Tollett* standard. Petitioner's entry of a guilty plea forecloses his ability to challenge the constitutionality of the grand jury selection procedure.

 Moreover, assuming *arguendo*, petitioner's guilty plea did not foreclose his ability to raise an *Ovalle* challenge, petitioner's claim lacks merit. FED. R. CRIM. P. 12(b)(2) mandates that any defense or objection predicated on a defect in the indictment must be raised prior to trial. Petitioner contends that "the plain language of Rule 12(b) Clearly [sic] does not require that constitutional challenges to the jury selection process must be made prior to trial." (Pet.'s Mot. at 10). This Court disagrees.

 In *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Supreme Court addressed the effect of Fed.R.Crim.P. 12(b)(2) on a post-conviction motion for relief "which raises for the first time a claim of unconstitutional discrimination in the composition of a grand jury." *Id.* at 234, 93 S.Ct. 1577. In ruling on this issue, the Supreme Court held:

We believe that the necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of "cause" which that Rule requires. We therefore hold that the waiver standard expressed in Rule 12(b)(2) governs an untimely claim of grand jury discrimination, not only during the criminal proceeding, but also later on collateral review.

*Id.* at 242, 93 S.Ct. 1577. In *Ovalle*, the Sixth Circuit applied the Rule 12(b)(2) standard to bar certain claims:

> Federal Rule of Criminal Procedure 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information ..." must be raised prior to trial. Federal Rule of Criminal Procedure 12(b)(2) governs an untimely claim of discrimination in the selection of the grand jury, "even when such challenges are on constitutional grounds."
>
> . . . .
>
> Failure to raise an objection to the selection of the grand or petit jury prior to trial "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

*Ovalle*, 136 F.3d at 1107 (internal citations omitted). Plainly, under Sixth Circuit precedent interpreting Rule 12(b)(2), petitioner must raise a defect in the indictment prior to trial and the failure to do so constitutes a waiver. In order to obtain relief from Rule 12(b)(2)'s waiver standard, petitioner must establish "cause" for his failure to timely raise a claim. Petitioner has not asserted "cause" for failing to raise this issue in a timely manner.[2]

**2.** The Court concludes that even in the event petitioner asserted cause he would be unable to establish it. As set forth by this Court in *United States v. Blair*, 9 F.Supp.2d 779, 780–81 (E.D.Mich.1998), this Court's Jury Selection Plan was adopted by the Court and approved by the Sixth Circuit in 1992. The events surrounding its enaction were widely publicized and the Plan was available for public inspection in the courthouse. Concerns about the constitutionality of the Plan were addressed in *United States v. Greene*, 971 F.Supp. 1117 (E.D.Mich.1997), a case decided by the Honorable Gerald E. Rosen on July 23, 1997, which received widespread publicity. Thus, the Court is satisfied that petitioner is unable to establish "cause" for his failure to timely raise a challenge to the jury selection plan.

Furthermore, in order to prevail, petitioner must also establish "prejudice." *See Ovalle,* 136 F.3d at 1107 (citing *Davis, supra,* 411 U.S. at 245, 93 S.Ct. 1577). Petitioner has not asserted any "prejudice;" nor does this Court conclude he can establish "prejudice." In *United States v. Garavaglia,* 5 F.Supp.2d 511 (E.D.Mich. 1998), a defendant sought to withdraw his guilty plea contending that the grand jury selection procedure was improper. In denying defendant's motion, the court implicitly rejected any assertion that the defendant was prejudiced—not because his objection to the jury panel would have been without merit, but because he did not show that but for his attorney's failure to challenge the grand jury he would not have pleaded guilty. *See id.* at 517. *Garavaglia* concerned an *Ovalle* challenge in the guilty plea context. Thus, in this Court's opinion, it is insufficient for petitioner to show that his *Ovalle* challenge to the grand jury would have been successful; he must also show that here is a reasonable probability that but for counsel's failure to object to the grand jury, he would not have pleaded guilty. Petitioner has made no such showing.

In sum, petitioner has not alleged cause or prejudice; nor in this Court's opinion can he establish cause and prejudice.

### Conclusion

For the reasons set forth above, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 shall be denied.

A Judgment consistent with this Opinion shall issue forthwith.