Cecil ALLEN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 4:99CV1016.
No. 97 CR 206–2.

United States District Court, N.D. Ohio, Eastern Division.

Oct. 21, 1999.

Cecil Allen, Fort Dix, NJ, pro se.

Ronald B. Bakeman, Office of U.S. Atty., Cleveland, OH, for U.S.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner's *pro se* Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Dkt.# 103) (hereinafter "Petitioner's Motion").

Also before the Court are the following: 1) Government's Response To Defendant's Habeas Corpus Motion Filed Pursuant To 28 U.S.C. § 2255 ("Government's Response") and the Government's Motion To File Response Instanter ("Government's Motion") (Dkt.# 102);[1] and 2) Petitioner's Traverse Brief (Dkt.# 105) ("Traverse").

For the reasons which follow, the Court denies Petitioner's Motion.

## I. Facts and Procedural Background

On February 10, 1998, pursuant to a written plea agreement (Dkt.# 61), Petitioner entered guilty pleas to one count of conspiracy to distribute marijuana and one count of money laundering. Dkt.# 61 at 1–2.

In the plea agreement, Petitioner was advised that the statutory penalty for the conspiracy count was a mandatory minimum of five years in prison. Id. at 2. The Presentence Investigation Report ("P.S.I. Report"), at paragraph 61, also stated that Petitioner faced a mandatory minimum of 60 months in prison.

On May 29, 1998, Petitioner was sentenced to the statutory minimum sentence of 60 months in prison. In the plea agreement, Petitioner waived his right to file a direct appeal attacking his conviction and sentence, as well as his right to file any

---

1. The Government's Response and the Government's Motion were filed together as one document. On August 16, 1999, the Court granted the Government's Motion and further granted Petitioner thirty days within which to file a brief in response. *See* Dkt.# 104.

motion pursuant to 28 U.S.C. § 2255 concerning any and all matters pertaining to "the within prosecution." Dkt.# 61 at 8.

Petitioner filed a Notice of Appeal (Dkt.# 74) on June 10, 1998. This appeal was dismissed for want of prosecution by an Order (Dkt.# 100) of the United States Court of Appeals for the Sixth Circuit entered on June 1, 1999. Petitioner filed Petitioner's Motion on April 29, 1999.

## II. Standard Of Review

28 U.S.C. § 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.*

■ To prevail on a § 2255 motion alleging *constitutional* error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

■ To prevail on a § 2255 motion alleging *non-constitutional error,* the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (quoting *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); accord *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

■ "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.' " *Fair v. United States,* 157 F.3d 427, 430

(6th Cir.1998) (quoting *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). A petitioner seeking to vacate a sentence or judgment pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence. *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980).

## III. Discussion

### A. Petitioner's Claim

Petitioner claims that during his sentencing hearing in this matter he called to the attention of the Court erroneous information contained within his P.S.I. Report "which adversely affected Petitioner's criminal history category." Traverse at 1.

Petitioner further claims that when he "openly challenged" the accuracy of the information contained in the P.S.I. Report, the Court "failed to make a finding as to the accuracy of the controverted information which was subsequently used to determine Petitioner's Criminal History Category." Petitioner's Motion at 5–6.

Petitioner specifically claims that his criminal history category was increased to Category IV when 2 points were added to his criminal history pursuant to U.S.S.G. § 4A1.1(e), and when another point was added pursuant to U.S.S.G. § 4A1.1(c). Traverse at 1–2. Petitioner contends that the addition of these three points to his criminal history was erroneous:

In this case, Petitioner contends that the combined effects of the Probation Officer using inaccurate information to arrive at the disputed criminal history category, and the Court's utilization of the said inaccurate information for sentencing purposes, violated Petitioner's due process right. Coupled with the fact that counsel failed to file timely notice of appeal, clearly amounts to the violation of Petitioner's Fifth Amendment Due Process right. As a result, the relief sought should be granted.

Traverse at 3.

As and for relief, Petitioner seeks the grant of Petitioner's Motion, or in the al-

ternative, correction of his Criminal History Points so that it reflects the three-point reduction he seeks herein, "and a Criminal History Category of III." Petitioner's Motion at 9.

**B. Government's Response**

The government argues that the "sole issue" raised by Petitioner's Motion is this Court's calculation of his criminal history. Government's Response at 3. The Court agrees that this is the sole issue raised in Petitioner's Motion.

The government also argues that the instant case "raises no constitutional challenge" to Petitioner's conviction. Id. Specifically, the government contends that the sole issue raised in Petitioner's Motion is "an alleged miscalculation of criminal history points," and that this issue "is of a non-constitutional nature." Id. at 4.

The government relies upon *Grant v. United States,* 72 F.3d 503 (6th Cir.1996) for support of its assertions that 1) the alleged miscalculation of criminal history points is not cognizable under § 2255, and that 2) Petitioner's sentence of 60 months did not result in a complete miscarriage of justice. The Court concludes that the government's reliance upon *Grant* is well-founded. The errors of which Petitioner complains were harmless.

The government argues in compelling fashion:

Assuming, *arguendo,* that the defendant should have been sentenced at a Criminal History III (range 46–57)

months versus a Criminal History IV (range 57–71 months), the defendant's sentence of 60 months could not, under any circumstance, have been less. First, the defendant faced a statutory minimum sentence of 60 months. Second, the defendant was not eligible for "safety valve" pursuant to § 5G1.2. See: PSR, paragraph 61. Based on the defendant's statutory minimum and his ineligibility for "safety valve", according to § 5G1.1(b) the defendant's guideline range/sentence becomes his statutory minimum range of 60 months. The defendant, in this case, received his statutory minimum sentence of 60 months.

Government's Response at 5.

**C. Analysis**

The Court concludes that *Grant, supra,* controls the outcome of Petitioner's Motion[2]:

A brief consideration of the policy underlying collateral review demonstrates that nonconstitutional errors, such as *mistakes in the application of the sentencing guidelines,* will rarely, if ever, warrant relief from the consequences of waiver. Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a *federal statute,* but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there

**2.** In reaching this conclusion, the Court first concluded that Petitioner's Motion presents no grounds supporting a conclusion "[t]hat the sentence was imposed in violation of the Constitution of the United States or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." *See Lane v. United States,* 65 F.Supp.2d 587, 589–90 (E.D.Mich.1999) (quoting 28 U.S.C. § 2255). In *Lane,* the district court next reasoned:

Presumably then, petitioner must persuade this Court that the sentence is "otherwise subject to collateral attack." However, petitioner has not presented any facts that

persuade this Court that there was "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings" or that there was a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process."
*Id.* In the instant case, too, Petitioner has not presented any facts that persuade this Court that any constitutional error or fundamental defect infected his plea and sentencing proceedings. He has not even alleged any such error or defect in Petitioner's Motion or Traverse.

has been fundamental unfairness, or what amounts to a breakdown of the trial process. *Reed, [v. Farley]* 512 U.S. 339, ——, 114 S.Ct. at 2300, [129 L.Ed.2d 277] *[ (1994) ]*.

*Grant,* 72 F.3d at 506 (emphasis added throughout).

### 1. *Is Petitioner's Claim Cognizable Under § 2255*

■ In *Grant,* at 506, the Sixth Circuit stated that nonconstitutional errors ordinarily are not cognizable on collateral review.[3] *Grant* also held that "mistakes in the application of the sentencing guidelines" are nonconstitutional errors. *Id.* Assuming *arguendo* the truth of the allegations contained in Petitioner's Motion, the mistakes alleged by Petitioner herein amount to "mistakes in the application of the sentencing guidelines," i.e., this Court's failure "to make a finding as to the accuracy of the controverted information which was subsequently used to determine Petitioner's criminal history category." *See* Petitioner's Motion at 5–6.

■ Pursuant to *Grant,* therefore, the Court concludes that the errors about which Petitioner complains are not cognizable on collateral review. Nevertheless, the Court will reach the merits of Petitioner's claim because it is otherwise clear that Petitioner suffered no prejudice in the criminal proceedings herein and is thus not entitled to relief pursuant to § 2255.

### 2. *Did Petitioner's Sentence Of 60 Months Result In A Complete Miscarriage of Justice?*

Under *Grant,* Petitioner has not established—nor can he establish—that his sentence of 60 months "amount[s] to something akin to a denial of due process ... (or) so positively outrageous as to indicate a complete miscarriage of justice." Gov-

ernment's Response at 4 (quoting *Grant,* 72 F.3d at 506).

■ The Court agrees with the government's above-quoted argument that even assuming that Petitioner should have been sentenced in accordance with a Criminal History III versus a Criminal History IV, the sentence of 60 months that Petitioner received could not have been less than it was, because Petitioner was not eligible for "safety valve" consideration, and because the Court was required to sentence Petitioner to a statutory minimum sentence of 60 months without regard to Petitioner's actual criminal history category.[4] Therefore, the two errors in connection with this Court's alleged reliance on erroneous information concerning Petitioner's criminal history and alleged miscalculation of Petitioner's criminal history points were clearly harmless.

Since the errors complained of in Petitioner's Motion were harmless, even if—as Petitioner claims—his counsel on direct appeal rendered ineffective assistance of counsel by failing to prosecute timely Petitioner's direct appeal of his sentence, this "waiver" of the sole claim advanced by Petitioner herein could not have harmed Petitioner. He therefore cannot demonstrate any prejudice resulting from the alleged ineffective assistance. *See Grant,* 72 F.3d at 506 ("If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington.*").

### IV. Conclusion

In order to prevail on his § 2255 motion alleging nonconstitutional error, Petitioner was required to establish by a preponderance of the evidence a "fundamental defect which inherently results in a complete mis-

---

**3.** Furthermore, although Respondent has not argued Petitioner's waiver of his direct appeal and collateral attack rights in his plea agreement, under Sixth Circuit precedent this waiver is enforceable so as to prevent this Court from addressing Petitioner's Motion. *See Watson,* 165 F.3d at 488–89.

**4.** Petitioner has not opposed this argument herein.

carriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488; *Wright,* 624 F.2d at 558.

Petitioner has utterly failed to adduce any evidence of such fundamental defect or egregious error, nor can he do so, because the sentence about which he complains was the statutory minimum sentence to which this Court was required to sentence him, and because Petitioner was ineligible for "safety valve" consideration. Petitioner has not alleged that he was eligible for safety valve consideration, although the burden is his to demonstrate his eligibility for the safety valve departure. *See Wright,* 624 F.2d at 558.

Finally, the Court concludes that Petitioner is not entitled to an evidentiary hearing herein.[5] A § 2255 movant is not entitled to an evidentiary hearing if the § 2255 motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief. *See Green v. United States,* 445 F.2d 847, 848 (6th Cir.1971). The Court finds that an evidentiary hearing is not necessary to determine the propriety of the instant motion. *See Bryan v. United States,* 721 F.2d 572, 577 (6th Cir.1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 711 (1984).

For the foregoing reasons, Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Dkt.# 103) is hereby **DENIED.**

**Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).**

**IT IS SO ORDERED.**

---

5. Although Petitioner has not requested an evidentiary hearing, Respondent argues that he is not entitled to one. *See* Government's Response at 6–7.