Neil A. McNEIL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 4:98 CV 2590 (97 CR 175).

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 22, 1999.

Neil A. McNeil, White Deer, PA, pro se.

Thomas Michael Bauer, Office of U.S. Atty., Akron, OH, for U.S.

### MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Dkt.# 1) filed on November 12, 1998 (hereinafter "Petitioner's Motion").

Also before the Court are the following: 1) a document filed by Petitioner on May 10, 1999 (Dkt.# 27) which has been docketed as a motion for default judgment, and 2) Petitioner's Motion For Default Judgment (Dkt.# 31) filed on August 6, 1999.

For the reasons which follow, the Court denies Petitioner's Motion and Petitioner's

motions for default judgment (Dkt.# 27 and Dkt.# 31).

## I. Facts and Procedural Background

Subsequent to the filing of Petitioner's Motion, the Court entered an Order (Dkt.# 25) on April 8, 1999 stating that the Court had examined the motion and could not determine from the face of it that Petitioner was not entitled to the relief requested therein. The Court therefore directed Respondent to file an Answer to Petitioner's Motion within thirty days and show cause why Petitioner's Motion should not be granted. On July 2, 1999, Respondent filed an untimely "Government' [sic] Response To Defendant's 2255 Motion" (Dkt.# 30).[1]

The Court also granted Petitioner leave to file a brief in response to the Answer. Petitioner served his "Brief In Response" on July 8, 1999.[2]

With respect to the underlying facts, on August 22, 1997, Petitioner entered a guilty plea to Counts 2 and 3 of an Indictment charging him with three (3) counts of bank robbery in violation of 18 U.S.C. § 2113(a)(d). In exchange for this plea, the government agreed to dismiss Count 1, and to certain sentencing considerations described *infra.*

In the plea agreement, the parties stipulated that the victim banks were federally insured. This stipulation went to the element of subject matter jurisdiction of the federal district court over the offenses charged in the Indictment.

1. Respondent failed to file its response to Petitioner's Motion (Dkt.# 30) within 30 days of the date it was served with the Order of this Court (Dkt.# 25) directing it to do so, and also failed to request leave for an extension of time within which to do so. Accordingly, the Court concludes that Dkt.# 30 is not properly before the Court and disregards this document entirely for purposes of deciding this case.

2. Petitioner did not follow the customary procedure for filing Court documents in the in-

## II. Standard of Review

28 U.S.C. § 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.*

■ To prevail on a § 2255 motion alleging *constitutional* error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

■ To prevail on a § 2255 motion alleging *non-constitutional error,* the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (quoting *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); accord *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

■ "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.' " *Fair v. United States,* 157 F.3d 427, 430 (6th

stance of his "Brief In Response." Rather than *filing* this document in the Office of the Clerk of this Court, Petitioner chose to *mail* a copy of this document to counsel for Respondent and to the chambers of this Court. *See* "Brief In Response" at 19 ("Certificate of Service").

For this reason, and for the aforestated reason that the Court has entirely disregarded Respondent's out-of-rule Answer (Dkt.# 30), the Court does not consider this document either.

Cir.1998) (quoting *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence. *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980).

### III. Discussion

### A. Petitioner's Claims

Petitioner asserts four (4) grounds for relief in his § 2255 motion. The Court will first describe each of these grounds, and then analyze each ground to determine whether Petitioner has met his burden of establishing his contentions by the requisite preponderance of the evidence. *See Wright,* 624 F.2d at 558.

1. *"Conviction Was Obtained By Use Of Coerced Confession"*

In support of Ground one, Petitioner alleges that the "Government knowingly used erroneous and coercive plea agreement to obtain guilty plea from Movant McNeil, then blatantly breached this erroneous and coercive agreement (contract) upon Movant's sentencing." Petitioner's Motion at 5.

2. *"Ineffective Assistance Of Counsel On Jurisdiction And Plea Agreement"*

In support of Ground two, Petitioner alleges that "[t]he Movant McNeil received [sic] infirmity instruction by his court appointed attorney ... to plead guilty to armed 'Bank' robbery when counsel failed to acknowledge the court and Government that their plea agreement was erroneous and coercive, and most importantly the Federal Government lacks Jurisdiction." Id.

3. *"District Lacks Jurisdiction For Legal Prosecution"*

In support of Ground three, Petitioner alleges that "[t]he Government lacks Juris-

diction in the instant case by failure of showing evidence of jurisdiction within the term of a "Bank" robbery offense, the element that falls within the statutes [sic] definition. Title 18 U.S.C. section 2113(f)." Id.

4. *"Government Breached Plea Agreement, and Denied Movant of Promises"*

In support of Ground four, Petitioner alleges that "[m]ovant was sentenced by elements that were unlawful being that some of these elements were already discussed in plea agreement and excluded from charges in exchange for Movant's plea." Petitioner's Motion at 6.

### B. Are Petitioner's Claims Cognizable Under § 2255?

In *Grant,* 72 F.3d at 506, the Sixth Circuit stated that non-constitutional errors ordinarily are not cognizable on collateral review. *Grant* also held that "mistakes in the application of the sentencing guidelines" are non-constitutional errors. *Id.*

Assuming *arguendo* the truth of the allegations contained in Petitioner's Motion, the errors alleged by Petitioner herein (apart from the alleged errors concerning federal court subject-matter jurisdiction ) amount to "mistakes in the application of the sentencing guidelines." *Id.*

Pursuant to *Grant,* therefore, the Court concludes that the errors about which Petitioner complains (except for the aforesaid alleged "jurisdictional" errors) are not cognizable on collateral review. Nevertheless, the Court will reach the merits of Petitioner's claims because it is otherwise clear that Petitioner suffered no prejudice in the criminal proceedings herein and is thus not entitled to relief pursuant to § 2255.

### C. Analysis of Petitioner's Claims

In the "Memorandum Of Law" attached to Petitioner's Motion (hereinafter "Memo"), Petitioner's discussion first fo-

cuses on Grounds 1 and 4 (they are discussed together), and then treats Grounds 2 and 3 together. *See* Memo at 1, 7.

After a careful review of Petitioner's Motion and Memo, the Court concludes that Petitioner has not met his burden of sustaining his contentions by the preponderance of the evidence. *Wright,* 624 F.2d at 558. Because he has not carried this burden, the Court lacks authority under § 2255 to vacate or otherwise alter the sentence in these proceedings pursuant to § 2255. *Id.*

In failing to meet this evidentiary burden, Petitioner has also failed to clear the "significantly higher hurdle" in these collateral review proceedings "than would exist on direct appeal," and thus has failed to show that he is entitled to the requested relief. *Fair,* 157 F.3d at 430. Specifically, Petitioner has not demonstrated that he is entitled to relief pursuant to 28 U.S.C. § 2255.

To the extent that the errors of which Petitioner complains are defaulted *nonconstitutional* errors, *Grant* makes clear that § 2255 relief with respect to such errors is rarely granted:

> A brief consideration of the policy underlying collateral review demonstrates that nonconstitutional errors, such as *mistakes in the application of the sentencing guidelines,* will rarely, if ever, warrant relief from the consequences of *waiver.* Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a *federal statute,* but not the Constitution, is the basis for postconviction attack, collateral relief from a *defaulted* claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process. *Reed, [v. Farley]* 512 U.S. at 354, 114 S.Ct. at 2300 *[ (1994) ].*

*Grant,* 72 F.3d at 506 (emphasis added throughout).

The instant case is analogous to the *Lane* case recently decided by a district court within this circuit, in which the court denied Lane's § 2255 motion for the reason that

> Petitioner's motion presents no grounds supporting a conclusion "[t]hat the sentence was imposed in violation of the Constitution of the United States or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." Presumably, then, petitioner must persuade this Court that the sentence is "otherwise subject to collateral attack." However, petitioner has not presented any facts that persuade this Court that there was "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings" or that there was a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process."

*Lane v. United States,* 65 F.Supp.2d 587, 589–90 (E.D.Mich.1999).

*1. Grounds 1 and 4*

Initially, the Court notes that Petitioner devotes nearly six typed pages to the law he believes is pertinent to Grounds 1 and 4. Nevertheless, after carefully studying Petitioner's argument, the Court is not persuaded that these grounds have any merit.

█ Simply put, Petitioner has adduced *no* credible evidence—let alone a "preponderance" of the evidence—to support his claims set forth in Grounds 1 and 4. He has, for instance, neither produced nor even referenced any credible evidence that his confession was "coerced," much less that his conviction was somehow improperly "obtained" as a result of his confession. Thus, on the record of the criminal proceedings in this matter, and in the face of Petitioner's written waiver of his right to contest the "voluntary nature of plea" in

his plea agreement, which is discussed *infra*, his claims of a "coercive" plea agreement are simply not credible.

Similarly, the Court is not persuaded by the balance of Petitioner's allegations in support of Ground 1 that the Government knowingly used an erroneous and coercive "plea agreement" to obtain a guilty plea from Petitioner, and then "blatantly breached this erroneous and coercive agreement (contract) upon Movant's sentencing." Petitioner's Motion at 5.

Petitioner asserts that "[n]o place within the plea agreement informed the Movant of the 121 months that he actually received[3]." Memo at 2. While that is true, Petitioner seems to overlook the fact that both he and his counsel agreed on the record during the sentencing hearing not to object to the Court's finding that Petitioner's Criminal History Category was III rather than II.[4]

For the aforesaid reasons, Petitioner has not carried his burden of sustaining by the preponderance of the evidence his contentions concerning the issue of any guideline calculations that were different from those set forth in the plea agreement. Accordingly, that part of Petitioner's Motion seeking to vacate or otherwise alter his sentence with respect to this issue is not well-taken. *Wright*, 624 F.2d at 558.

■ Mistakes in the application of the sentencing guidelines are non-constitutional errors. *See Grant*, 72 F.3d at 506. Non-constitutional errors ordinarily are not cognizable on collateral review. *Id.* Thus, in order for Petitioner to prevail on the issue of the claimed error with respect to the alleged improper determination of Petitioner's criminal history category (or with respect to any other alleged mistake in the application of the sentencing guidelines), this alleged error must be a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an

error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488. Petitioner has not shown that the aforesaid alleged improper determination (or any other error alleged in Petitioner's Motion) was a fundamental defect or egregious error; thus, this claim is foreclosed under *Watson*.

■ For these reasons, and for the final reason that "collateral relief from a *defaulted* claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process [.]," *Reed*, 114 S.Ct. at 2300 (emphasis added), the Court concludes that Petitioner has not demonstrated that he is entitled to relief pursuant to § 2255 with respect to any claim asserted in Grounds 1 and 4.

### 2. *Grounds 2 and 3*

■ To the extent that Petitioner alleges that at the time of his offenses herein the victim banks were not "banks" within the meaning of 18 U.S.C. § 2113(a), so as to deprive this Court of subject matter jurisdiction over the offenses, these allegations are not well-taken. Petitioner's "entry of a guilty plea forecloses his ability to raise any constitutional deprivations occurring prior to its entry." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

■ Moreover, Petitioner has defaulted this claim by expressly agreeing in his plea agreement to forego undertaking any direct review or collateral attack—including any § 2255 motions—of his sentence. Petitioner has also defaulted this claim by failing to object contemporaneously at his plea hearing or sentencing hearing, and because he cannot show cause for the default and prejudice therefrom, or that he is "actually innocent" of committing the bank robbery offenses to which he pled guilty.

---

3. In the plea agreement, the parties stipulated to a sentencing guideline range of 87 to 108 months. Dkt.# 18 at 3.

4. *See* Transcript of Sentencing Hearing (Dkt.# 29) at 7, 8, 16.

## D. Petitioner Has Waived His Right To Collaterally Attack His Sentence

The record reveals that although an "error" may have occurred with respect to the determination of Petitioner's criminal history category, and that other errors may have occurred with respect to the sentence enhancement issue [5] discussed by Petitioner in the Memo, as discussed below, *if* these errors occurred, they were non-constitutional and harmless.

Moreover, if these errors occurred, they were expressly waived by both Petitioner and his counsel, both in the written plea agreement and at the sentencing hearing. The plea agreement itself forecloses Petitioner's ability to prevail on this issue.

### 1. Express Waiver In Plea Agreement

The written plea agreement (Dkt.# 18) states that the parties entered into the agreement pursuant to Rule 11(e)(1)(B) [6] of the Federal Rules of Criminal Procedure. Id. at 1. The parties' resort to Rule 11(e)(1)(B) evidences the parties' intent that with respect to sentencing, the government's recommendation, or agreement not to oppose Petitioner's request for a particular sentence, would *not* be binding upon the Court.

More importantly, the plea agreement stated that Mr. McNeil "also understands that sentencing is within the discretion of the Court; that the Court is required to consider any applicable sentencing guidelines but that the Court may depart from those guidelines *under some circumstances* [;]." Dkt.# 18 at 2 (emphasis added). Furthermore, the plea agreement stated: "The defendant, Neil A. McNeil, understands that in determining the applicable sentencing guidelines, the Court shall consider the defendant's relevant conduct including, but not limited to, relevant conduct reflected in dismissed counts of the indictment . . . ." Id. at 3.

The Sixth Circuit has unequivocally adopted the rule that a criminal defendant can effectively waive the right to collaterally attack his sentence in a plea agreement. In *Watson,* 165 F.3d at 488, the court specifically held that a defendant's "informed and voluntary waiver of the right to collaterally attack a sentence in a

---

**5.** Petitioner argues, Memo at 2, that "[t]here was also a promise to lower enhancement in Count three made by Judge Peter C. Economus, but never actually applied, which would have lawfully placed the Movant in the sentencing guideline range of 70 to 97 months. This was a promise to lower the 5 point enhancement in Count 2 to a 3 point enhancement 'Right now.'"

However, this contention is belied by the record:

THE COURT: "Is there anything else I should be aware of?"

THE DEFENDANT: "Yes."

MR. CAHOON: "Your Honor, as I understand it, on the weapon used in these two incidents, that will be a three level increase each time rather than a five level. I think that's, in my computation, I believe that's how we got to a combined level of 28, less the acceptance."

THE COURT: "All right, I'll note that correction, but it does add up to the same adjusted offense level."

MR. CAHOON: "Thank you, your Honor."

THE COURT: "Of 28, Criminal History Category III. You don't dispute that according to the table his sentence range would be 97 to 121 months?"

MR. CAHOON: "Not at all, your Honor. That's certainly the range."

Sentencing Transcript at 7–8.

**6.** Rule 11(e)(1) provides:

**(e) Plea Agreement Procedure.**

**(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty . . . the attorney for the government will do any of the following:

**(A)** move for dismissal of other charges; or

**(B)** make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

**(C)** agree that a specific sentence is the appropriate disposition of the case.

plea agreement bars such relief." [7]

### 2. Guilty Plea Forecloses Any Constitutional *Claims*

Petitioner's guilty plea "forecloses his ability to raise any constitutional claims arising prior to its entry." *Lane,* 65 F.Supp.2d 587, 589.

In *Lane,* the court stated:

> The Court agrees with the government that petitioner's guilty plea forecloses his ability to raise any constitutional claims arising prior to its entry. Petitioner freely and voluntarily pled guilty to the charge, and in doing so, set forth a factual basis to support his guilt. Petitioner does not deny his guilt or that there was a factual basis for his guilt. Further, petitioner does not contest the voluntary nature of such plea.

To the extent that petitioner claims he was indicted by a grand jury the selection of which was found to be unconstitutional, petitioner's entry of a guilty plea forecloses his ability to raise any constitutional deprivations occurring prior to its entry. In *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Supreme Court held:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 266, 93 S.Ct. 1602. Petitioner's claim pertaining to the unconstitutional nature of the grand jury selection procedure falls squarely within the purview of the *Tollett* standard. Petitioner's entry of a guilty plea forecloses his ability to challenge the constitutionality of the grand jury selection procedure. *Id.*

### 3. Failure To Object Contemporaneously At Sentencing

 At his sentencing hearing, Petitioner expressly agreed to the correction of the calculation used to determine his criminal history category. Sentencing Tr at 16. By failing to object to the change to Criminal History III (instead of II), Petitioner waived any error in this regard. *See United States v. Sloman,* 909 F.2d 176, 182 (6th Cir.1990) (finding that agreement with court's course of conduct constitutes waiver).

### E. Procedural Default

In *Nagi,* the Sixth Circuit held that a defendant who seeks to collaterally attack his sentence upon the basis of an alleged error after no objection was made to the alleged error at the underlying proceeding "must show: (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," in order to obtain collateral relief. 90 F.3d at 134 (citing *Frady,* 456 U.S. at 167–68, 102 S.Ct. 1584).

Subsequent to *Nagi,* the Supreme Court stated in *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) that where a criminal defendant has procedurally defaulted his claims by failing to raise them on direct review, the claims may be raised in a motion to vacate only if the defendant can demonstrate either cause and actual prejudice or his actual innocence.

### 1. "Cause" For Procedural Default

Petitioner essentially argues that "cause" exists based upon the alleged ineffective assistance of his counsel in failing to object to the various errors alleged in Petitioner's Motion. Petitioner's ineffec-

---

**7.** The *Watson* Court also stated: "Because we find that Watson waived the right to collaterally attack his sentence in his plea agreement, we find it unnecessary to address the merits of the five issues raised by this appeal." 165 F.3d at 488.

tive assistance claim must be evaluated using the familiar two-part test from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Grant,* 72 F.3d at 506. Petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 688–94, 104 S.Ct. 2052.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697, 104 S.Ct. 2052; also see *Williams v. Calderon,* 52 F.3d 1465, 1470 (9th Cir.1995).

### 2. "Prejudice"

 The Court finds and concludes that Petitioner has failed to show that he was prejudiced by any of the "errors" he alleges herein. On the contrary, Petitioner's counsel stated during the sentencing hearing that Petitioner received a "very substantial benefit from this plea agreement." [8] Sentencing Tr at 4.

> MR. CAHOON: I would indicate on the record that I had asked Mr. Bauer to put that [language in subsection (c) of the "waiver" section in the plea agreement that the defendant can appeal any guideline calculations different from those set forth in the plea agreement] in for Mr. McNeil's protection. And based on the fact that Mr. McNeil did receive a very substantial benefit from this plea agreement, it's not his desire to appeal that particular matter.

Sentencing Tr. at 4.

Petitioner has not shown that he was prejudiced because he has failed to argue

that there was a reasonable probability that, but for his counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *See Nagi,* 90 F.3d at 135 (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Hence, Petitioner has not fulfilled the "cause" requirement in order to excuse his procedural default. *Id.* at 135–36.

On the basis of the Court's conclusion that Petitioner has not demonstrated that he was prejudiced by any of the errors of which he complains, the Court further concludes that Petitioner's counsel did not render ineffective assistance in his criminal case. Thus, unless Petitioner can demonstrate that he is "actually innocent," he cannot show "cause" for his procedural defaults. Petitioner has not shown—nor even alleged—that he is "actually innocent."

### 3. Did Petitioner's Sentence Of 121 Months Result In A Complete Miscarriage of Justice?

Petitioner has not established—nor can he establish—that his sentence of 121 months "amount[s] to something akin to a denial of due process ... (or) so positively outrageous as to indicate a complete miscarriage of justice." *Grant,* 72 F.3d at 506.

### IV. Conclusion

In order to prevail on his § 2255 motion alleging *non-constitutional* error (that is, on all of his claims other than those concerning the federal subject matter jurisdiction/due process issue(s)), Petitioner was required to establish by a preponderance of the evidence a "fundamental defect which inherently results in a complete mis-

---

**8.** Petitioner did indeed receive a "very substantial benefit" from the plea agreement. In exchange for his plea, the government agreed: 1) to dismiss Count I (bank robbery in violation of 18 U.S.C. § 2113(a)(d)); 2) not to seek an upward departure from the applicable sentencing guidelines; and 3) to recommend that

Petitioner's offense level be reduced by three (3) levels as an adjustment for acceptance of responsibility, and that the Court impose a sentence within the range of the applicable guidelines if there is no downward departure from the applicable guidelines. *See* Plea Agreement at 3.

carriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488; *Wright,* 624 F.2d at 558. Petitioner has utterly failed to adduce any evidence of such fundamental defect or egregious error, nor can he do so, because "mistakes in the application of the sentencing guidelines" are non-constitutional errors, which "ordinarily are not cognizable on collateral review." *Grant,* 72 F.3d at 506.

In order to prevail on his § 2255 motion alleging *constitutional* error, Petitioner was required to establish by a preponderance of the evidence an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Watson,* 165 F.3d at 488 (citing *Brecht,* 507 U.S. at 637–38, 113 S.Ct. 1710).

Petitioner has failed to adduce any evidence of any such error of constitutional magnitude, much less that such error had a substantial and injurious effect or influence on the proceedings. In other words, Petitioner has not shown any due process or other constitutional violation, or that any such violation resulted in substantial prejudice to him.

Finally, the Court concludes that Petitioner is not entitled to an evidentiary hearing herein. A district court need not hold a hearing in every § 2255 case in which the petitioner makes factual allegations. *Patel v. United States,* 19 F.3d 1231, 1235 (7th Cir.1994).

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. *See United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993). A § 2255 movant is not entitled to an evidentiary hearing if the § 2255 motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief. *See Green v. United States,* 445 F.2d 847, 848 (6th Cir.1971).

The Court finds that an evidentiary hearing is not necessary to determine the propriety of the instant motion. *See Bryan v. United States,* 721 F.2d 572, 577 (6th Cir.1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 711 (1984).

For the foregoing reasons, Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Dkt.# 103) is hereby **DENIED.**

For the same reasons, Petitioner's motions for default judgment (Dkt.# 27 and Dkt.# 31) are hereby **DENIED.**

**Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).**

**IT IS SO ORDERED.**