**Neil A. McNEIL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–4097.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Neil A. McNeil, Glenville, WV, pro se.

Thomas M. Bauer, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Respondent–Appellee.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

## ORDER

Neil McNeil, a pro se federal prisoner, appeals a district court judgment denying his motion seeking to reopen his prior 28 U.S.C. § 2255 case under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, McNeil pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). In exchange for his guilty plea, the government dismissed count one of the indictment. Pursuant to a written plea agreement, the parties originally calculated McNeil's base offense level as twenty-eight with a Criminal History Category score (CHC) of II, that resulted in a sentencing guidelines range of 87–108 months. During the sentencing hearing, the district court determined that McNeil actually had a CHC of III and a sentencing guidelines range of 97–121 months, and the court sentenced McNeil to 121 months of imprisonment and five years of supervised release. McNeil did not object, nor did he file a direct criminal appeal.

In a 28 U.S.C. § 2255 motion to vacate his sentence, McNeil argued that: 1) the government coerced his confession and then used the confession to obtain his guilty plea; 2) the government breached the plea agreement because it did not object to the district court's determination that he had a CHC of III and that his guidelines range was 97–121 months, even though the government had agreed to recommend a CHC of II and a sentencing guidelines range of 87–108 months; 3) the district court lacked jurisdiction to prosecute him because the government did not establish that the victim-banks were federally insured against bank robbery; and 4) counsel rendered ineffective assistance because he did not raise the above issues. The district court specifically addressed McNeil's claims regarding mistakes in the application of the sentencing guidelines and denied the motion as without merit. *McNeil v. United States*, 72 F.Supp.2d 801, 810 (N.D.Ohio 1999). McNeil's appeal was construed as an application for a certificate of appealability under Fed. R.App. P. 22(b)(2), and this court denied the appli-

cation. *McNeil v. United States*, No. 99–4417 (6th Cir. Feb. 14, 2000).

Thereafter, McNeil moved the district court for an order to reduce his sentence pursuant to 18 U.S.C. §§ 3582(c)(2) and 3553(a), and § 1B1.10 of the United States Sentencing Guidelines, or in the alternative, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court concluded that, to the extent that McNeil's motion to reduce his sentence was based on alleged mistakes made at his sentencing, the 18 U.S.C. § 3582(c)(2) motion constituted an unauthorized second or successive motion to vacate sentence. Accordingly, the district court declined to address McNeil's claims regarding mistakes in the application of the sentencing guidelines because the court had already addressed the merits of McNeil's claims and found that McNeil was not entitled to relief under 28 U.S.C. § 2255. The court did, however, address McNeil's post-conviction rehabilitation and *Apprendi* claims, and found those claims to be meritless. This court dismissed the motion because it constituted a successive motion to vacate his sentence, even though McNeil characterized the motion as one for modification of term of imprisonment. *United States v. McNeil*, 17 Fed.Appx. 383 (6th Cir.2001).

McNeil then filed a motion seeking to reopen his prior 28 U.S.C. § 2255 case under Fed.R.Civ.P. 60(b). McNeil claimed that: 1) the district court's computations of his total offense level and criminal history category were incorrect; and 2) the holding in *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), is a new decision of constitutional law that the Supreme Court has stated should apply reactively, thereby entitling him to have his case reopened. The district court found that no error existed in the application of the sentencing guidelines

in determining McNeil's sentence and that *Glover* was inapplicable. Thus, the district court denied the motion. Nevertheless, the district court granted McNeil a certificate of appealability, and McNeil appeals the judgment denying his motion to reopen his prior § 2255 under Fed R. Civ. P. 60(b).

On appeal, McNeil essentially reasserts the claims set forth in the district court. He also gives the court to expedite consideration of his appeal.

Upon review, we affirm the district court's judgment. We review the district court's judgment denying the Rule 60(b) motion for an abuse of discretion. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995). The district court did not abuse its discretion in denying McNeil's Rule 60(b) motion.

McNeil's claim is meritless because the case upon which McNeil relies is inapplicable. McNeil contends that, in light of *Glover*, he is entitled to an evidentiary hearing and to have his prison sentence corrected. In *Glover*, the Supreme court held that an increase in a petitioner's prison sentence from six months to twenty-one months—due to an error in determining the defendant's sentence—constituted prejudice required for establishing ineffective assistance of counsel. *Glover,* 531 U.S. at 204, 121 S.Ct. 696. *Glover* does not apply to McNeil's case because there was no error in the application of the sentencing guidelines in determining his sentence.

The portion of McNeil's motion directed to his prior § 2255 judgment is likewise meritless. He claims that the district court's computations of his total offense level and criminal history category were incorrect. His motion is a transparent attempt to relitigate a matter that has been extensively considered and rejected, A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously

decided issues. *Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966). Because the Rule 60(b) motion was McNeil's latest attempt to relitigate a claim asserted in his habeas corpus petition, the district court acted within its considerable discretion by denying relief.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We deny the motion to expedite as moot.