[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-3013

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/03/98
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 87-211-Cr-J-12 & 97-409-Civ-J-10

JOSEPH JAMES BURKE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 3, 1998)**

Before TJOFLAT, COX and HULL, Circuit Judges.

COX, Circuit Judge:

Joseph James Burke appeals the district court's denial of his 28 U.S.C. § 2255 motion for modification and correction of sentence. We affirm.

## BACKGROUND

Burke pleaded guilty to six counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). Two of the six robberies took place after the effective date of the sentencing guidelines; Burke was therefore sentenced under the guidelines on those counts. The guideline sentences included a two-level enhancement for obstruction of justice based on evidence that Burke remained

a fugitive from justice until his capture by the FBI, even though he knew the FBI was pursuing him, and that he provided false identification when apprehended. Burke made no objections at sentencing regarding the obstruction-of-justice enhancement. Burke subsequently filed a notice of appeal from his conviction and sentence, but the appeal was dismissed pursuant to Burke's motion for voluntary dismissal.

In 1990, two years after Burke was sentenced, the Sentencing Commission added amendment 347 to the obstruction-of-justice enhancement provision, stating that post-offense flight and giving a false name ordinarily does not constitute obstruction of justice. *See* U.S. SENTENCING GUIDELINES MANUAL § 3C1.1, comment. (n.4(a), (d)). The Sentencing Commission explicitly classified amendment 347 as a clarifying amendment. *See* U.S.S.G. App. C (amendment 347). Burke subsequently moved pursuant to 28 U.S.C. § 2255 for a modification and correction of his sentence based on this amendment. In the Government's response to Burke's motion, the Government argued, among other things, that Burke's claim is not cognizable on collateral review because it is neither constitutional nor jurisdictional and does not constitute a fundamental defect resulting in a complete miscarriage of justice. The district court denied relief "for the reasons stated in the government's response." (R.1-62, at 2).

## CONTENTIONS OF THE PARTIES

The Government contends that Burke's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a non-constitutional claim that does not provide a basis for collateral relief. Burke maintains that his claim is cognizable on collateral review and further maintains that he has made the requisite showing of cause for failure to object at sentencing and raise the issue on direct appeal, and actual prejudice resulting from the error. Burke relies on the

2

fact that amendment 347 is a clarifying amendment to support his argument that the amendment should apply retroactively to him. However, somewhat inconsistently, to establish cause for his failure to raise the claim on direct appeal, Burke argues in his reply brief that because amendment 347 was added two years after his sentencing, the "change in the law effected by the commentary . . . was not discoverable nor would it have been discoverable within the time frame of the direct appeal." Reply Brief at 9. Burke claims actual prejudice in the fact that the improper application of the obstruction-of-justice enhancement increased his sentence.

## DISCUSSION

The threshold inquiry is whether Burke's claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L.Ed. 1982 (1947). Thus, nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348, 114 S. Ct. 2291, 2297, 129 L.Ed.2d 277 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)) (alteration in original).

At least one of our sister circuits has explicitly held that a claim that the sentence imposed is contrary to a subsequently enacted clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See, e.g., Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200, 116 S. Ct. 1701 (1996); *see also United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) (holding that a

3

district court's technical application of the guidelines is a non-constitutional issue that is not cognizable on collateral review absent a complete miscarriage of justice); *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (holding that absent a complete miscarriage of justice, challenges to the application of the guidelines will not be considered on collateral review where the defendant failed to raise them on direct appeal); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (holding that ordinary questions of guideline interpretation falling short of a miscarriage of justice do not present a proper § 2255 claim); *United States v. Schlesinger*, 49 F.3d 483, 485-86 (9th Cir. 1994) (concluding that nonconstitutional sentencing errors that have not been raised on direct appeal generally may not be reviewed under § 2255 with the possible exception of errors not discoverable in time for direct appeal); *United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994) (holding that attack on the district court's upward departure from the guidelines is not cognizable in a § 2255 action absent a miscarriage of justice); *Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993) (stating that petitioner could not raise, by means of § 2255, an allegation that the district court misapplied the sentencing guidelines where the sentence had become final, petitioner had not appealed, and the petitioner failed to demonstrate any extraordinary circumstances warranting collateral attack on his sentence).

In the instant case, Burke's claim falls short of indicating a "complete miscarriage of justice." This court has held that amendment 347 is a clarifying rather than a substantive amendment. *See United States v. Howard*, 923 F.2d 1500, 1504 (11th Cir. 1991); *see also* U.S.S.G. App. C (amendment 347) ("[t]his amendment clarifies the operation of § 3C1.1."). Clarifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline. *See Howard*,

4

923 F.2d at 1504 n.4 (citation omitted). Insofar as amendment 347 is a clarifying amendment effecting no change in the substantive law, Burke was afforded the opportunity to raise the impropriety of the obstruction-of-justice enhancement at his original sentencing and on direct appeal. Considering all of the circumstances, we cannot say that the alleged mis-application of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief. *See Grant*, 72 F.3d at 506.

We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. We do not reach the issue of whether Burke made the requisite showing of cause and prejudice to excuse his procedural default in failing to raise the issue at sentencing and on direct appeal.[1]

AFFIRMED.

---

[1] We have in the past opted to address the issues of procedural default, cause, and prejudice rather than determine whether a sentencing guidelines claim would be cognizable at all on collateral review. *See Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995). Burke did not allege or assert cause and prejudice before the district court and raised it for the first time in his reply brief to this court; we therefore prefer to rest the decision on the present grounds.