UNITED STATES of America, Plaintiff–Appellee,

v.

Donald Keith BOMAN, Defendant–Appellant.

No. 01–1314.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Donald Keith Boman seeks to appeal the denial of his motion, pursuant to 28 U.S.C. § 2255, to reduce his sentence for convictions of robbery and use of a firearm during the commission of a violent crime. We deny Boman's request for a certificate of appealability and dismiss.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In September 1992, Boman pled guilty to two counts of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(1) and one count of robbery within special territorial jurisdiction in violation of 18 U.S.C. § 2111. The charges were based on two separate incidents occurring on May 3, 1992, when Boman used a firearm to rob two individuals of money. On October 30, 1992, Boman was sentenced to 157 months of imprisonment—five years for each of the two § 924(c)(1) counts, and thirty-seven months for the § 2111 count, all to be served consecutively. Boman never appealed his conviction or sentence. On April 23, 2001, Boman filed a motion under 28 U.S.C. § 2255 to modify or vacate his original sentence. Boman argues that his original sentence was imposed in violation of the Sentencing Guidelines because it impermissibly double-counted his use of a firearm to commit a crime.

We first note that Boman's § 2255 motion appears to be time-barred. The motion was filed more than eight years after his original sentence, well after the one-year period of limitation established by § 2255 had expired. 28 U.S.C. § 2255 ("A 1–year period of limitation shall apply to a motion under this section."). Moreover, none of the exceptions in § 2255 appear to apply in this case. We also note that because Boman never directly appealed his original sentence, the arguments he raises in his § 2255 motion appear to be waived as well. *See United States v. Talk,* 158 F.3d 1064, 1067 (10th Cir.1998) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." (quoting *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994))). However, we proceed to consider Boman's

arguments because they clearly fail on the merits.

■ Boman argues that his sentence was in violation of a "New 9th Amendment" to § 2K2.4 of the United States Sentencing Commission Guidelines Manual (Appellant's Br. at 2–a.), and that as a result the sentence improperly double-counted the use of a single firearm by Boman. The amendment Boman appears to be referring to is Amendment 599, which altered Application Note Two to § 2K2.4. U.S.S.G. supp. to app. C, amend. 599, at 70 (Nov. 1, 2001). Amendment 599 added language to Note Two in order to "clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." *Id.* at 71.

It is doubtful that a post-sentencing clarifying amendment is a ground for collateral relief under § 2255. Two of our sister circuits have held that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke v. United States,* 152 F.3d 1329, 1332 (11th Cir.1998); *see also Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996); *cf. Talk,* 158 F.3d at 1069 (stating that "not every violation of a statute can be remedied by a motion under § 2255," and that statutory violations will only be remedied under § 2255 where there is "a complete miscarriage of justice" or inconsistencies with the "rudimentary demands of fair procedure"). However, we decline to address that question because there is no conflict between Boman's sentence and the new, amended Note Two for § 2K2.4.

Section 2K2.4 applies to violations of 18 U.S.C. § 924(c), which mandates a minimum five-year sentence of imprisonment

for individuals who have used or carried a firearm "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." Conviction and sentencing under § 924(c) might result in unfair double-counting where the defendant is also convicted of the underlying "crime of violence or drug trafficking crime" and the sentencing court enhances the sentence for that underlying crime because of the use of a firearm, as allowed by many of the Sentencing Guidelines.

The revision to Note Two attempted to reduce the risk of unfair double-counting by clarifying when it was inappropriate for a court to enhance a sentence for an underlying crime. In particular, the note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G. § 2K2.4 cmt. n. 2 (Nov. 1, 2001). The note continues with examples of when a weapon enhancement would be inappropriate:

> Do not apply any weapon enhancement . . . if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than

the one for which the defendant was convicted under 18 U.S.C. § 924(c).

*Id.*

In the present case, the "underlying offense" for which Boman was convicted was robbery within special territorial jurisdiction in violation of 18 U.S.C. § 2111, the fourth count of Boman's original indictment. In setting the sentence for the underlying offense, the sentencing court did not enhance the offense level beyond the minimum for robbery. There was no enhancement for use of a firearm applied to the sentence for the underlying offense, and therefore there could have been no deviation from the requirements of the amended Note Two to U.S.S.G. § 2K2.4. The examples provided by the Sentencing Commission in the amended Note Two for improper enhancements are not analogous to the defendant's situation at all because there never was any firearm enhancement in this case.

 Boman also appears to argue that the application of two separate § 924(c) sentences in this case is improper double-counting in violation of the principles of the Sentencing Guidelines and the amended Note Two. There was, however, no double-counting in the application of two separate § 924(c) sentences in this case. Boman committed two separate acts of robbery, and he used the same firearm in both transactions. Contrary to Boman's argument, just because the same firearm was used does not mean Boman cannot be convicted of and sentenced for multiple violations of § 924(c) for using the firearm multiple times to commit multiple crimes. Moreover, just because Boman pled guilty to only one of the underlying offenses that triggered the application of § 924(c) does not mean that he cannot be convicted and sentenced for two violations of § 924(c). A conviction of the underlying offense is not required for a conviction of a violation of § 924(c). 18 U.S.C. § 924(c) (providing

penalties for use of a firearm in connection with any violent or drug crime for which "the person *may* be prosecuted in a court of the United States" (emphasis added)); *United States v. Hill,* 971 F.2d 1461, 1464 (10th Cir.1992) (en banc) ("[A] defendant need not be convicted of the underlying crime in order to be convicted of § 924(c)."). Thus, Boman was properly convicted of and sentenced for a second violation of § 924(c) even though he was never convicted of a second robbery.

We conclude that there is no conflict between Boman's sentencing and the amended Note Two to U.S.S.G. § 2K2.4. Boman's § 2255 motion must therefore be dismissed. Boman's motion to proceed in forma pauperis is GRANTED, his application for a certificate of appealability is DENIED, and this matter is DISMISSED.

The mandate shall issue forthwith.