MARTIN, Circuit Judge,
concurring:
I fully concur in the majority’s conclusion that § 2255’s savings clause applies and that Mr. Gilbert’s sentence and continued incarceration as a career offender constitutes a fundamental miscarriage of justice entitling him to habeas relief under 28 U.S.C. § 2241. I write separately only to note that the savings clause also applies because Mr. Gilbert’s sentencing claim is “based upon a retroactively applicable Supreme Court decision overturning circuit precedent.” Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir.1999). Mr. Gilbert is entitled to habeas relief because, on the extraordinary facts of this case, the error represents a “ ‘fundamental defect which inherently results in a complete miscarriage of justice’ ” and this case “ ‘present^] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.’ ” Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)); Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir.1998).