[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10217
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00126-LSC-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL ZEV JURAVEL,
a.k.a. Shmuel Zev Juravel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 4, 2020)

Before ROSENBAUM, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Samuel Zev Juravel appeals the district court's denial of his request for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 732. Because the court correctly found that Juravel was not eligible for a sentence reduction, we affirm.

## I.

In 2006, Juravel pled guilty to attempting to entice a minor to engage in sexual activity, 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of attempting to engage in sexual activity with a minor, 18 U.S.C. § 2423(b) and (e). For these offenses, he was sentenced to a total of 262 months of imprisonment. In 2007, he filed a *pro se* motion to vacate under 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel. After the government responded and the court appointed counsel, Juravel filed a motion to withdraw his § 2255 motion. The district court granted the motion and dismissed the § 2255 motion "with prejudice." According to the dismissal order, Juravel had been advised of and "understood the consequences should the motion to withdraw be granted." Juravel did not file a direct appeal or appeal the dismissal of his § 2255 motion.

At Juravel's 2006 sentencing, the district court applied a two-level enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B) (2006). At that time, the commentary to § 2G1.3 contained conflicting guidance as to whether the term "minor" was limited

2

to "real" victims or also included undercover officers playing the role of a minor. *See id.* § 2G1.3, cmt. n.1 & n.3(B) (2006).  That conflicting guidance, in turn, resulted in a circuit split, with this Court holding that fictitious minors counted.  *See United States v. Root*, 296 F.3d 1222, 1233 (11th Cir. 2002) (addressing a materially identical enhancement under § 2A3.2(b)(2)(B)).

Amendment 732, which became effective November 1, 2009, amended § 2G1.3's commentary to resolve the circuit split and provide that the undue-influence enhancement "does not apply in a case in which the only 'minor' . . . involved in the offense is an undercover law enforcement officer."  U.S.S.G. App. C, Vol. III, Amend. 732.  In *United States v. Jerchower*, we held that Amendment 732 was a clarification of the undue-influence enhancement that should be applied retroactively on direct appeal.  631 F.3d 1181, 1184, 1187 (11th Cir. 2011) (explaining that clarifying amendments are applied retroactively because they "provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline" (quotation marks omitted)).

In October 2015, Juravel filed a *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 732.  Juravel argued that a reduction was authorized because this Court held in *Jerchower* that Amendment 732 was a clarifying amendment that applied retroactively.  Doing so in his case, Juravel contended, resulted in a two-level reduction to his offense level because his offenses

involved only undercover officers posing as minors.  He also asked the court, to the extent it disagreed that § 3582(c)(2) was the proper vehicle for his claim, to liberally construe his motion as if it were brought under the proper vehicle.

In January 2019, less than a week after counsel appeared on Juravel's behalf, the district court denied the motion for a sentence reduction using a two-page form order (AO 247).  On the first page, the form order recited stock language that the defendant had filed a motion under § 3582(c)(2), and the court checked a box indicating that the motion was denied.  On the second page, which is sealed, the court explained that Juravel was not eligible for a sentence reduction because Amendment 732 was not listed as a qualifying amendment at U.S.S.G. § 1B1.10(d).  Juravel now appeals, represented by counsel.

## II.

We review *de novo* a district court's legal conclusions as to the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1334 (11th Cir. 2017).  Section 3582(c)(2) provides a limited exception to the general rule that criminal sentences may not be modified once imposed.  *See United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015) (district courts may modify a sentence "only when authorized by statute or rule").  Under § 3582(c)(2), a sentence reduction is available to defendants whose sentencing range has been lowered by a retroactive amendment to the Sentencing Guidelines.  *See* 18 U.S.C.

§ 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission has issued a binding policy statement, U.S.S.G. § 1B.10, to govern sentence reductions under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 819, 828–30 (2010). For a sentence to be reduced retroactively under § 3582(c)(2), according to the policy statement, the court must determine whether "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below." U.S.S.G. § 1B1.10(a)(1). Subsection (d) lists a number of "Covered Amendments" that may ground a sentence reduction. *See id.* § 1B1.10(d). If "none of the amendments listed in subsection (d) is applicable to the defendant," however, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized." *Id.* § 1B1.10(a)(2)(A). We follow a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10([d])." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (emphasis in original).

Here, the district court correctly determined that Juravel was not eligible for a reduction under § 3582(c)(2) because Amendment 732 is not listed as a qualifying,

5

retroactive amendment under § 1B1.10(d).[1]  *See id.*; U.S.S.G. § 1B1.10(d).  Nor does Juravel purport to rely on any other guideline amendment.  Because "none of the amendments listed in subsection (d) is applicable to the defendant," "[a] reduction in the defendant's term of imprisonment is not consistent with [the Commission's] policy statement and therefore is not authorized."  U.S.S.G. § 1B1.10(a)(2)(A); *see* 18 U.S.C. § 3582(c)(2) (stating that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission").  Accordingly, the court properly denied Juravel's § 3582(c)(2) motion.

Juravel responds that Amendment 732 is a clarifying amendment that this Court has held applies retroactively on direct appeal.  *See Jerchower*, 631 F.3d at 1184.  But Juravel conflates retroactivity on direct appeal and collateral review with retroactivity for purposes of § 3582(c)(2).  As we explained in *Armstrong*, "[w]hile consideration of [a guideline amendment] as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2)."  *Armstrong*, 347 F.3d at

---

[1] Contrary to Juravel's claim, the district court's basis for denying the motion is clear from the record.  The first page of the court's order simply noted that Juravel had sought a reduction under § 3582(c)(2), which requires a retroactive amendment, not that Juravel in fact relied on a retroactive amendment.  And the court clearly found that Juravel was not eligible in the sealed order explaining its decision.  In any case, even if the court's decision was ambiguous, remand would not be warranted because Juravel's eligibility is a legal determination that we may resolve independently of the district court.  *See Gonzalez-Murillo*, 852 F.3d at 1334.

909. Retroactivity for purposes of § 3582(c)(2) is determined solely by the Sentencing Commission. *Id.* Therefore, "only amendments, *clarifying or not*, listed under subsection ([d]) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)." *Id.* (emphasis in original). Accordingly, Juravel was not eligible for relief under § 3582(c)(2) based on Amendment 732.

Unable to proceed under § 3582(c)(2), Juravel contends that the district court should have considered, or at least permitted him an opportunity to raise, "alternative statutory and constitutional bases for considering his motion." Among the alternative bases, Juravel cites 28 U.S.C. § 2255, Fed. R. Civ. P. 60(b), and the writ of *audita querela*. Although courts must liberally construe *pro se* filings to afford review on any "legally justifiable base," *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997), we conclude that any err by the district court in failing to consider other grounds for relief was harmless under the circumstances.

First, to the extent § 2255 may have been an appropriate vehicle to raise a claim based on *Jerchower*, it appears that the district court would have lacked jurisdiction to consider the claim under § 2255. That's because Juravel previously filed a § 2255 motion that was dismissed "with prejudice." When a federal prisoner wishes to file a second or successive § 2255 motion, he must request and obtain from this Court an order authorizing the motion; otherwise, "the district court lacks

jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Here, no authorization was obtained, so the court likely lacked jurisdiction to evaluate Juravel's claim under § 2255.[2]

Second, Rule 60(b) is a rule of civil procedure that cannot be used to obtain relief in criminal proceedings. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that Rule 60(b)(4) could not be used to attack any alleged deficiencies in the district court's order denying defendant's 18 U.S.C. § 3582(c)(2) motion because § 3582 is "criminal in nature"). Accordingly, the court could not have "consider[ed] a sentence reduction" under that rule, as Juravel suggests.

Third, Juravel has not shown that a writ of *audita querela* is available to him. A writ of *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). But we have held that "a writ of *audita querela* may not be granted when relief is cognizable under § 2255." *Id.* Here, relief was, broadly speaking, cognizable under § 2255. Claims that "the sentence imposed is contrary to a subsequently enacted clarifying amendment" are generally treated as "non-

---

[2] Juravel cites no support for his claim that his 2015 motion for a sentence reduction can be deemed to relate back to his initial § 2255 motion, which was dismissed with prejudice in 2007. Because no case was pending at the time, there was "nothing. . . to relate back to." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). Plus, permitting that outcome would eviscerate the prohibition on second or successive § 2255 motions. *See* 28 U.S.C. § 2255(h).

8

constitutional" issues that may be raised under § 2255, provided the petitioner can prove that the alleged error resulted in a "complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). And to the extent Juravel seeks to vacate his sentence as unconstitutional, that relief is cognizable under § 2255.[3] Accordingly, the writ of *audita querela* does not apply because other postconviction relief was available. *See Holt*, 417 F.3d at 1175 (holding that the writ of *audita querela* was not available even though the petitioner had already filed a § 2255 motion).

For these reasons, we affirm the denial of Juravel's motion for a sentence reduction.

**AFFIRMED**.

---

[3] Section 2255 provides, in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).